FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 05 2013

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF ARKANSAS

JOCELYN SPRIGGS,

PLAINTIFF,

VS.

CIVIL NO: 4:13-CV-394 SWW

HOSTO & BUCHAN, P.L.L.C          **JURY DEMAND**

DEFENDANT.

This case assigned to District Judge Wright
**COMPLAINT** and to Magistrate Judge Kearney

1. Plaintiff, JOCELYN SPRIGGS, brings this action to secure redress from unlawful collection practices engaged by Defendant, HOSTO & BUCHAN, P.L.L.C.  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. ("FDCPA").  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.

2. Specifically, Plaintiff alleges that Defendant engaged in the following unlawful practices:

1

- Brought suit against Plaintiff on an alleged debt barred by the statute of limitations

## VENUE

3. This Court has jurisdiction under 15 U.S.C. section 1692k ("FDCPA"), 28

U.S.C. sections 1331, and 1337.

4. Venue and personal jurisdiction in this District are proper because Plaintiff

resides in this District, and all offenses occurred in said district.

## PARTIES

5. Plaintiff, JOCELYN SPRIGGS, is an individual who resides in Sherwood,

Arkansas.

6. Plaintiff is a consumer as defined by the ("FDCPA").

7. HOSTO & BUCHAN, P.L.L.C. ("HB"), is a litigation and collections law firm

with a main office at P.O. Box 3397, Little Rock, Ark. 72203.

8. HOSTO & BUCHAN, P.L.L.C. is a debt collection law firm as defined by the

("FDCPA").

## FACTS

9. In April of 2002, ("HB"), on behalf of Sherman Acquisitions, LLP, filed the complaint attached hereto as Exhibit "A" in the District Court of Sherwood, Arkansas against Plaintiff.

10. The complaint in Exhibit "A" does not allege that there is a written contract or that Plaintiff signed any such contract.

11. Plaintiff did not appear in Court and a default judgment was entered against her on June 19, 2002. (Exhibit "B")

12. The Defendant, realizing that it had filed suit and obtained a Default Judgment against Plaintiff using as evidence, a bogus affidavit of the account, (namely that the alleged debt belonged to a "FELICIA A. HILL") filed a Motion to Set Aside the Judgment on September 19, 2002. (Exhibit "C")

13. The Court granted the Motion to set aside Judgment on September 26, 2002. (Exhibit "D")

14. On April 19, 2007, approximately five (5) years later, and well beyond the statute of limitations to sue, the Defendant filed an amended complaint with the Court. (Exhibit "E")

15. By the time of the filing of the Amended Complaint, the court lost jurisdiction of the case.

16. Plaintiff did not answer the service, and did not appear in Court.

17. Although the Court had no jurisdiction of the case, the Defendant filed and obtained a Default Judgment against the Plaintiff on September 11, 2007. (Exhibit "F")

18. Pursuant to the provisions of the illegally granted Default Judgment, the Defendant obtained four (4) "Writs of Garnishment" from the Court, spanning from December 2007, to January of 2013, to garnish a total amount of $2,625.16 from Plaintiffs wages. (Exhibit "G")

19. The debt the Defendant sought to collect was from a credit card issued by Associates National Bank of (DELAWARE). The debt was primarily for personal, family or household purposes and had been charged off and purchased by Homecomings Financial Network, Inc. in July of 1999.  By 2006, it had dropped off Plaintiff's credit reports, because it had been charged off more than 7.5 years previously. (Exhibit "H")

20. Plaintiff obtained the credit card in early1998. Plaintiff used the credit card several times, and *never* made a payment towards the alleged debt.  Plaintiff became delinquent in 1998.

21. The debt was barred by the three-year statute of limitations.

22. The state court's Complaint, and Amended Complaint (Exhibit "A"& "E") omits the date when the breach of contract (failure to pay) allegedly occurred.

23. As a result of Defendants egregious and deceptive behavior, Plaintiff was ordered (pursuant default judgment) to have $2,625.16 of her wages garnished until the balance, plus interest, and other accumulated fees of the alleged debt was paid off.

24. To date, Plaintiff has paid an estimated $4,000.00 dollars towards the illegally obtained default judgment.

25. As a result of Defendants egregious and deceptive behavior, Plaintiff has suffered emotional distress in the forms of embarrassment, anger, grief, anxiety, stress, loss of sleep, and loss of weight due to the illegal and unwarranted garnishment of her wages.

## COUNT I – FDCPA- FILING SUIT ON TIME-BARRED DEBTS

26. Plaintiff incorporates paragraphs 1-25.

27. The state court action was barred by the statute of limitations.

28. On information and belief, Defendant regularly files debt collection actions based on contracts not wholly in writing where the last payment date or charge-off date is more than three (3) years prior to filing.

29. On information and belief, Defendant regularly omits information from court filings regarding the date when the alleged failure to pay occurred, in order to conceal the statute of limitations problem.

30. The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. section 1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violations of 15 U.S.C. section 1692f. *Freyermuth v. Credit Bureaus Servs.*, 248 F.3d (8th Cir. 2001); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (D. Ala. 1987)

31. Section 1692e provides:

1692e. False or misleading representation [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...

(2) The false representation of--

(A) the character, amount, or legal status of any debt;...

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

32. Section 1692f provides:

1692f. Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt...

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendants for:

- Statutory damages;

- Actual damages;

- Such other and further relief as the Court deems proper.

Respectfully submitted,

*Jocelyn Spriggs*

Jocelyn Spriggs

191 Jasper Drive

Sherwood, Ark. 72120

jrs122@hotmail.com

# EXHIBIT A

29686.00/sb

## SHERWOOD DISTRICT COURT

SHERMAN ACQUISITION, LP                                                PLAINTIFF

FILED

vs.                           CASE/DIV NO.: 2002-2355    '02 MAR 25  PM 1 33

JOCELYN SPRIGGS                                                    DEFENDANT(S)

## COMPLAINT

COMES Plaintiff, by and through its attorneys, Hosto & Buchan, P.L.L.C., and for its complaint against the Defendant(s), states:

1.       Plaintiff is a corporation organized under the laws of the State of Arkansas by the Arkansas Secretary of State, and the residence of the Defendant(s) is Pulaski County, Arkansas. The Court has subject matter and personal jurisdiction in this case and venue is proper in this county.

2.       That Plaintiff is the assignee of an account that was originally owed by Defendant(s) on a Associates National Bank/Credit Card, in the original amount of $1,019.82 as evidenced by the assignments attached hereto as Exhibit "A".

3.       That said account is now past due and remains unpaid despite the demands of Plaintiff.

4.       As shown by the attached affidavit the balance due from Defendant(s) after applying all payments, credits, or other offsets is $1,019.82, plus interest accrued in the amount of $217.93 for a total amount due of $1,237.75. In addition, Plaintiff seeks costs, pre-judgment interest until the date of judgment at the contract rate of interest, attorneys fees, and post judgment interest at the maximum rate allowed by law.

WHEREFORE, Plaintiff prays for a judgment against the Defendant(s) in the amount of $1,237.75, for its cost incurred in this matter, pre-judgment interest until the date of judgment at the contract rate of interest, for reasonable attorney's fee, and for all other proper and legal relief to which it may be entitled.

Respectfully submitted,

HOSTO & BUCHAN, P.L.L.C.
P.O. BOX 3397
LITTLE ROCK, ARKANSAS 72203
(501) 374-1300

By:

MARK A. SEXTON, ABN 98152

# EXHIBIT B

SHERWOOD DISTRICT COURT

FILED

29685.00/Jamie

'02 JUN 19 AM 10 35

SHERMAN ACQUISITION,LP
9700 Bissonnet, Ste. 2000
Houston, TX 77036

PLAINTIFF

SHERWOOD DIST COURT
SHERWOOD ARKAS

vs.

CASE/DIV NO.:  2002-2355

JOCELYN SPRIGGS
191 JASPER DR
SHERWOOD  AR 72120

DEFENDANT(S)

## DEFAULT JUDGMENT

On this day comes on for hearing the Complaint of the Plaintiff appearing by and through

its attorneys, Hosto & Buchan, P.L.L.C.,and defendant appears  not. From consideration of the

verified complaint, the return of the summons and other matters properly before it the Court finds:

1. It has jurisdiction of the parties and of the subject matter herein. Although served with

summons within the time and in the manner provided by law, defendant  has wholly made default

herein. Plaintiff is entitled to Judgment against Defendant(s), JOCELYN SPRIGGS on its complaint

herein.

2. It is therefore by the Court ORDERED that Plaintiff have and recover Judgment from

JOCELYN SPRIGGS , in the amount of $1,019.82;Court and Service fees in the amount of, $65.00,

pre-judgment interest in the amount of  $235.73,accruing until the date of judgment at the contract

rate of interest which is 8% per annum,  and attorney's fees in the amount of $152.97,  all of which

shall bear post judgment interest at the rate of ten (10) percent per annum.

3.  It is further ordered that the  defendant shall, within forty five (45) days of the entry of

this judgment file with the Clerk of this Court a schedule, verified by affidavit, of all of his or her

property, both real and personal, including monies, bank accounts, rights, credits, and choses in

action held by himself or others for him and specify the particular property which he or she claims

as exempt under the provisions of the law. Failure to file said schedule within the time specified

above may result in the defendant being found in contempt of Court.

Judge

Date

MARK A. SEXTON, ABN 98152
HOSTO & BUCHAN, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 3397
LITTLE ROCK, ARKANSAS 72203
(501) 374-1300

**All inquiries regarding release of judgment and any lien arising from same should be directed to
Plaintiff's attorney at the above address.**

# EXHIBIT C

29686.00/mb

SHERWOOD DISTRICT COURT

FILED

'02 SEP 26 PM 12 19

SHERMAN ACQUISITION, L.P.                                            PLAINTIFF

vs.                              CASE/DIV NO.:2002-2355  SHERWOOD DISTRICT COURT
                                                         SHERWOOD

JOCELYN SPRIGGS                                                      DEFENDANT(S)

## MOTION TO SET ASIDE JUDGMENT

Comes now the Plaintiff, by and through its attorneys, Hosto & Buchan, P.L.L.C., and for

its Motion to Set Aside Judgment, states:

1.      That Plaintiff served the Defendant in this matter on or about May 4, 2002, with a

summons and complaint in this matter.

2.      That Plaintiff submitted a Default Judgment to the Court on or about June 10,

2002, and the Judgment was filed on June 19, 2002.

3.      That due to a clerical error Plaintiff's erroneously submitted its Default Judgment

to the Court for filing.

4.      That the Default Judgment entered in this matter against Defendant should be set

aside.

WHEREFORE, Plaintiff prays that the judgment against Defendant in this matter be set

aside, and for all other proper and legal relief to which it may be entitled.

Respectfully submitted,

HOSTO & BUCHAN, P.L.L.C.
Attorneys at Law
P.O. Box 3397
Little Rock, AR 72203
(501) 374-1300

By: _____
    Mark A. Sexton, ABN 98152

29686.00/mb

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been sent this **19th** day of **September**, 2002, to the following person:

Jocelyn Spriggs
191 Jasper Rd
Sherwood, AR 72120

Mark A. Sexton, ABN 98152

# EXHIBIT D

29686.00/mb

SHERWOOD DISTRICT COURT      FILED

SHERMAN ACQUISITION, L.P.                    02 SEP 26  PM 12 19 PLAINTIFF

vs.                    CASE/DIV NO.2002-2355        SHERWOOD DISTRICT COURT
                                                     SHERWOOD        AS

JOCELYN SPRIGGS                                      DEFENDANT(S)

### ORDER SETTING ASIDE JUDGMENT

On this day comes on for hearing the Plaintiff's Motion to Set Aside Judgment and after

consideration of all things properly before it, the Court does hereby **FIND, ADJUDGE,** and

**ORDER:**

1.  That there was a Default Judgment entered on June 19, 2002.

2.  That the Default Judgment in this matter should be and is hereby set aside.

**IT IS SO ORDERED.**

_____
JUDGE

_____
DATE   9-26-02

Prepared by:

HOSTO & BUCHAN, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 3397
LITTLE ROCK, AR 72203
(501) 374-1300

By:  Mark A. Sexton, ABN 98152

# EXHIBIT E

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
SHERWOOD
CIVIL DIVISION

FILED

2007 APR 19 AM 9 30

SHERMAN ACQUISITION, LP                                    PLAINTIFF

SHERWOOD DISTRICT COURT
VS.                              CV-2002-2355              SHERWOOD, ARKANSAS

JOCELYN SPRIGGS                                            DEFENDANTS

## AMENDED COMPLAINT

COMES now Plaintiff, Sherman Acquisition LP, by and through its attorneys, Hosto & Buchan, P.L.L.C., for its Amended Complaint against the Defendant, states:

1. All of the allegations in Plaintiff's original Complaint, are reiterated here, as if set forth word for word.

2. Plaintiff filed suit in the principal amount of $1019.82. This is a scriveners error, and the Complaint is being amended to state the correct balance.

6. Plaintiff seeks judgment in the amount of $1019.82, plus interest accrued in the amount of $620.05, as of the date of this complaint, as well as costs, post judgment interest and attorney fees.

WHEREFORE Plaintiff prays for a Judgment against the Defendant in the principal amount of $1704.87, plus pre-judgment interest, costs, and attorneys fees and for all other proper and legal relief to which it may be entitled.

134230/pap                                    1

## AFFIDAVIT OF ACCOUNT

STATE OF SOUTH CAROLINA    )
                            )
COUNTY OF GREENVILLE    )

Before me, the undersigned authority, personally appeared the undersigned who, being by me duly sworn, does state:

1.    That the undersigned is an Authorized Representative for LVNV Funding LLC, as assignee of Triad/HFN-ASSOCIATES, and is the person who has reviewed the business records for JOCELYN SPRIGGS

2.    That after the allowance of all credits and setoffs, JOCELYN SPRIGGS , bearing account number of 4223980066184546, owes the following: the principal sum of $1019.82 plus interest accrued in the amount of $620.05 for a total amount due of $1704.87 as of the date of this affidavit which is February 16, 2007. Additionally, Plaintiff seeks pre-judgment interest from today's date, until the date of judgment.

By: _____

Print Name: Brenda Aspray
Authorized Representative

Subscribed and sworn to before me, a Notary Public, this 16th day of February, 2007.

_____
Notary Public

My Commission Expires:

_____

Client Ref No. 29686

HOSTO

Susan G. Argentieri
Notary Public
State of South Carolina
My Comm. Exp. 5-15-2015

Respectfully Submitted,

Paul A. Prater, ABN 2001266
HOSTO & BUCHAN, P.L.L.C.
P.O. BOX 3397
LITTLE ROCK, AR 72203
(501) 374-1300

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been mailed this 12th day of April, 2007, with proper postage affixed, addressed as follows:

James R. Morrissey
Mona J. Morrissey
3301 Erin Oaks Court
Fort Smith, AR 72908

Paul A. Prater, ABN 2001266

134230/pap

2

# EXHIBIT F

29686.00/tm

## IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
### SHERWOOD DISTRICT COURT

SHERMAN ACQUISITION LP                                          PLAINTIFF

vs.                             CASE/DIV NO.: 2002-2355

JOCELYN SPRIGGS                                          DEFENDANT(S)

### DEFAULT JUDGMENT

On this day comes on for hearing the Complaint of the Plaintiff appearing by and through its attorneys, Hosto & Buchan, P.L.L.C., and the Defendant(s) appears not. From consideration of the verified complaint, the return of the summons and other matters properly before it the Court finds:

1. It has jurisdiction of the parties and of the subject matter herein. Although served with summons within the time and in the manner provided by law, the Defendant(s) wholly made default herein. Plaintiff is entitled to Judgment against Defendant(s), on its complaint herein.

2. It is therefore by the Court ORDERED that Plaintiff have and recover Judgment from JOCELYN SPRIGGS , in the amount of $1,019.82;Court and Service fees in the amount of $100.00, pre-judgment interest in the amount of $662.52,accruing until the date of judgment at the contract rate of interest which is 8% per annum, and attorney's fees in the amount of $152.97, all of which shall bear post judgment interest at the rate of six (6) percent per annum.

3. It is further ordered that the Defendant(s) shall, within forty five (45) days of the entry of this judgment file with the Clerk of this Court a schedule, verified by affidavit, of all of his or her property, both real and personal, including monies, bank accounts, rights, credits, and choses in action held by himself or others for him and specify the particular property which he or she claims

REV061107: B2007-08-24/29686.00

as exempt under the provisions of the law. Failure to file said schedule within the time specified

above may result in the Defendant(s) being found in contempt of Court.

_____
Judge

SEP 1 1 2007
_____
Date

JOEL D. BOYD, ABN 90019
HOSTO & BUCHAN, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 3397
LITTLE ROCK, ARKANSAS 72203
(501) 374-1300

All inquiries regarding release of judgment and any lien arising from same should be directed to
Plaintiff's attorney at the above address.

REV061107: B2007-08-24/29686.00



# EXHIBIT G

*29086.00

## IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
### SHERWOOD DIVISION

SHERMAN ACQUISITION LP                                                    **PLAINTIFF**

vs.                          CASE/DIV NO.: 2002-2355      2013 JAN 18 AM 6 23

JOCELYN SPRIGGS                                                          **DEFENDANT(S)**

ARKANSAS BAPTIST COLLEGE                                                 **GARNISHEE**

### WRIT OF GARNISHMENT

TO THE ABOVE NAME GARNISHEE:

1.      A Judgment has been obtained in our Court against Defendant(s) for $1,835.31, together with interest and other legal costs accrued, and this Judgment remains unsatisfied. The Plaintiff alleges that he has reason to believe that the Garnishee is indebted to Defendant(s).

2.      The Garnishee is directed to prepare a written answer, UNDER OATH, and to file this answer in the Clerk's Office. The answer should contain a statement of what goods, chattels, monies, credits or effects the Garnishee may have in his possession belonging to the Defendant(s) to satisfy the Judgment. **UNLESS GARNISHEE FILES SUCH WRITTEN ANSWER WITHIN TWENTY (20) DAYS OF RECEIPT OF THIS WRIT, JUDGMENT MAY BE RENDERED AGAINST GARNISHEE.**

3.      In addition, Garnishee is required to answer any further interrogatories that may be propounded to him.

4.      There are Federal restrictions on the amount that the Garnishee may withhold from an employee's pay. Please consult WAGE-HOUR PUBLICATION NO. 1279, obtainable from the United States Department of Labor, Wage and Hour Division, 501-223-9114.

        IN TESTIMONY WHEREOF, I have hereunto set my hand and affix the seal of this Court this

_____ day of **JAN 1 8 2013** , 20____ by:          Clerk

                                            ORIGINAL SIGNED BY
                                            BETH COLLIER, DEPUTY
                          **Judgment Details**

*****Includes costs, interest accrued to date from January 2, 2013

|  |  |
|---|---|
| | Judgment Date: September 11, 2007 |
| *(Includes: Awarded Atty Fees, Pre-Judg Interest & Princ.)* Judgment Amount: | $1,835.31 |
| Accrued Cost pre and post judgment *(Including Cost for Writ)*: | $161.87 |
| Amount of Accrued Post Judgment Interest: | $627.98 |
| Post Judgment Rate of Interest: | 6% |

                *****Total Amount Due *(Minus Payments and offsets)*:  $2,625.16

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
SHERWOOD DISTRICT COURT
2201 EAST KIEHL AVE., SHERWOOD, AR 72120

SHERMAN ACQUISITION LP                                    PLAINTIFF

vs.                    CASE/DIV NO.: 2002-2355

JOCELYN SPRIGGS                                          DEFENDANT(S)
SS# xxx-xx-0762

                                          SHERWOOD DISTRICT COURT
BANK OF AMERICA                            SHERWOOD ARKANSAS  GARNISHEE

## WRIT OF GARNISHMENT

**TO THE ABOVE NAME GARNISHEE:**

1.       A Judgment has been obtained in our Court against Defendant(s) for $1,835.31, together with interest and other legal costs accrued, and this Judgment remains unsatisfied. The Plaintiff alleges that he has reason to believe that the Garnishee is indebted to Defendant(s).

2.       The Garnishee is directed to prepare a written answer, UNDER OATH, and to file this answer in the Clerk's Office. The answer should contain a statement of what goods, chattels, monies, credits or effects the Garnishee may have in his possession belonging to the Defendant(s) to satisfy the Judgment. **UNLESS GARNISHEE FILES SUCH WRITTEN ANSWER WITHIN TWENTY (20) DAYS OF RECEIPT OF THIS WRIT, JUDGMENT MAY BE RENDERED AGAINST GARNISHEE.**

3.       In addition, Garnishee is required to answer any further interrogatories that may be propounded to him.

4.       There are Federal restrictions on the amount that the Garnishee may withhold from an employee's pay. Please consult WAGE-HOUR PUBLICATION NO. 1279, obtainable from the United States Department of Labor, Wage and Hour Division, 324-5292.

         IN TESTIMONY WHEREOF, I have hereunto set my hand and affix the seal of this Court this ____ day of _____, 200__ by:

DEC 1 9 2007

## EXPLANATION

| | |
|---|---|
| JUDGMENT DATE: | September 11, 2007 |
| RATE OF INTEREST: | 6% |
| JUDGMENT AMOUNT: | $1,835.31 |
| ACCRUED COST *including cost for Writ*: | $115.25 |
| AMOUNT OF ACCRUED INTEREST: | $27.36 |
| PRINCIPAL + ATTY FEES (*if applicable*) | $1,835.31 |
| TOTAL AMOUNT DUE*: | $1,977.92 |

***Includes costs, interest accrued to date from December 6, 2007 and all payments and offsets.**

REV070907.owrit8.frm:/29686.00

*29686.00

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
SHERWOOD DISTRICT COURT
2201 EAST KIEHL AVE., SHERWOOD, AR 72120

FILED
2009 OCT 14 AM 9 13
SHERWOOD DISTRICT COURT
SHERWOOD, ARKANSAS

SHERMAN ACQUISITION LP                                    PLAINTIFF

vs.                              CASE/DIV NO.: 2002-2355

JOCELYN SPRIGGS                                          DEFENDANT(S)

ARVEST BANK                                              GARNISHEE

### WRIT OF GARNISHMENT

**TO THE ABOVE NAME GARNISHEE:**

1.      A Judgment has been obtained in our Court against Defendant(s) for $1,835.31, together with interest and other legal costs accrued, and this Judgment remains unsatisfied. The Plaintiff alleges that he has reason to believe that the Garnishee is indebted to Defendant(s).

2.      The Garnishee is directed to prepare a written answer, UNDER OATH, and to file his answer in the Clerk's Office. The answer should contain a statement of what goods, chattels, monies, credits or effects the Garnishee may have in his possession belonging to the Defendant(s) to satisfy the Judgment. **UNLESS GARNISHEE FILES SUCH WRITTEN ANSWER WITHIN TWENTY (20) DAYS OF RECEIPT OF THIS WRIT, JUDGMENT MAY BE RENDERED AGAINST GARNISHEE.**

3.      In addition, Garnishee is required to answer any further interrogatories that may be propounded to him.

4.      There are Federal restrictions on the amount that the Garnishee may withhold from an employee's pay. Please consult WAGE-HOUR PUBLICATION NO. 1279, obtainable from the United States Department of Labor, Wage and Hour Division, 324-5292.

     IN TESTIMONY WHEREOF, I have hereunto set my hand and affix the seal of this Court this _____ day of
**OCT 1 4 2009** , 200___ by: _____ Deputy Clerk
                                    Judgment Details

*****Includes costs, interest accrued to date from October 2, 2009

| | |
|---|---|
| Judgment Date: | September 11, 2007 |
| *(Includes: Awarded Atty Fees, Pre-Judg Interest & Princ.)* Judgment Amount: | $1,835.31 |
| Accrued Cost pre and post judgment *(Including Cost)* or | $130.79 |
| Amount of Accrued Post Judgment Interest: | $241.12 |
| Post Judgment Rate of Interest: | 6% |

*****Total Amount Due *(Minus Payments* and offsets)*:      $2,207.22




#29686.00

**IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS**
**SHERWOOD DIVISION**

SHERMAN ACQUISITION LP                                                      **PLAINTIFF**

vs.                                   CASE/DIV NO.: 2002-2355

JOCELYN SPRIGGS                                            2009 DEC 16 **DEFENDANT(S)**
                                                                   AM 10 31

PULASKI COUNTY SPECIAL SCHOOL DISTRICT                              **GARNISHEE**

                                                        SHERWOOD DISTRICT COURT
                                                        SHERWOOD, ARKANSAS

### WRIT OF GARNISHMENT

TO THE ABOVE NAME GARNISHEE:

1.      A Judgment has been obtained in our Court against Defendant(s) for $1,835.31, together with interest and other legal costs accrued, and this Judgment remains unsatisfied. The Plaintiff alleges that he has reason to believe that the Garnishee is indebted to Defendant(s).

2.      The Garnishee is directed to prepare a written answer, UNDER OATH, and to file this answer in the Clerk's Office. The answer should contain a statement of what goods, chattels, monies, credits or effects the Garnishee may have in his possession belonging to the Defendant(s) to satisfy the Judgment. **UNLESS GARNISHEE FILES SUCH WRITTEN ANSWER WITHIN TWENTY (20) DAYS OF RECEIPT OF THIS WRIT, JUDGMENT MAY BE RENDERED AGAINST GARNISHEE.**

3.      In addition, Garnishee is required to answer any further interrogatories that may be propounded to him.

4.      There are Federal restrictions on the amount that the Garnishee may withhold from an employee's pay. Please consult WAGE-HOUR PUBLICATION NO. 1279, obtainable from the United States Department of Labor, Wage and Hour Division, 324-5292.

        IN TESTIMONY WHEREOF, I have hereunto set my hand and affix the seal of this Court this

_____ day of __DEC 1 6 2009__, 20____ by: _Beth Collier deputy_ Clerk

### Judgment Details
*****Includes costs, interest accrued to date from November 19, 2009*

                                                        Judgment Date:          September 11, 2007
(Includes: Awarded Atty Fees, Pre-Judg Interest & Princ.) Judgment Amount:      $1,835.31
                        Accrued Cost pre and post judgment (Including Cost for   $146.33
                        Amount of Accrued Post Judgment Interest:                $256.63
                        Post Judgment Rate of Interest:                          6%


                        *****Total Amount Due (Minus Payments and offsets)*:     $2,238.27



# EXHIBIT H

Exhibit "A"

## BILL OF SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Receivables Purchase Agreement (the "Agreement") dated July 30, 1999, by and among ASSOCIATES NATIONAL BANK (DELAWARE), a national banking association (the"Seller"),and Homecomings Financial Network, Inc., a Delaware corporation (the "Purchaser"), and by the terms of the Agreement, the undersigned has bargained and sold and by these presents does now grant, convey, sell, transfer and assign unto Purchaser, and its successors, all of the Seller's right, title and interest in and to the accounts receivable, loans receivable, notes receivable and contract rights transferred to Purchaser today by computer transmission as evidenced by the attached verification (collectively the "Accounts" and singularly an "Account").

IN WITNESS WHEREOF, on this July 30, 1999, Seller has executed this Bill of Sale and affixed Seller's corporate seal to it.

ASSOCIATES NATIONAL BANK (DELAWARE)

By: _____
                    John J. Ditore

Its: _____
                  Senior Vice President

Draft Forward Flow AGREEMENT 7/99