IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JOCELYN SPRIGGS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:13CV00394 SWW |
| | * | |
| HOSTO & BUCHAN PLLC, | * | |
| | * | |
| | * | |
| Defendant. | * | |

**Memorandum and Order**

Plaintiff Jocelyn Spriggs, who is proceeding *pro se*, filed this complaint alleging that the defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), by bringing a time-barred lawsuit against her on an alleged debt.  Pending before the Court is defendant's motion to dismiss to which plaintiff responded.  Defendant filed a reply.  For the reasons stated below, the Court grants the motion to dismiss.

**Background**

Plaintiff obtained a credit card in early 1998 which she used several times.  She never made a payment and became delinquent in 1998.  On April 25, 2002, defendant filed a lawsuit on behalf of its client, Sherman Acquisition, LP ("Sherman"), against plaintiff in state court seeking judgment in the amount of $1,237.75.[1]  On June 19, 2002, the court entered a default judgment against plaintiff.[2]  On September 26, 2002, defendant filed and the court granted Sherman's motion to set aside the default judgment.[3]  On April 19, 2007, defendant filed an

---

[1] Am.Comp. [ECF No. 26], Ex. A.

[2] *Id.*, Ex. B.

[3] *Id.*, Exs. C & D.

amended complaint on behalf of Sherman, seeking judgment in the amount of $1,704.87 plus interest, fees, and costs.[4]  Plaintiff states in her amended complaint that she did not answer the service and did not appear in court.[5]  The state court entered a default judgment on September 11, 2007.[6]  The court issued writs of garnishment on December 19, 2007; October 9, 2009; December 16, 2009; and January 18, 2013.[7]  According to defendant, the state court set aside the judgment by letter dated April 19, 2013.[8]

Plaintiff filed her original complaint in this action on July 5, 2013, and an amended complaint on October 28, 2013.  She alleges defendant violated the FDCPA by filing the original 2002 complaint and the amended 2007 complaint past the three-year statute of limitations for debt collection actions.  She contends that filing and prosecuting time-barred complaints is a deceptive and unfair collection practice.  Defendant moves for dismissal, arguing the applicable statute of limitations for credit card debt is five years and therefore its 2002 complaint was not untimely.  It further argues that plaintiff's complaint is time-barred.

**Standard of Review**

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007).  Complaints

---

[4]*Id.*, Ex. E.

[5]*Id.*, ¶ 16.

[6]*Id.*, Ex. F.

[7]*Id.*, Ex. G and Pl's. Mem. in Supp. of Resp. to Mot. Dismiss [ECF. No. 32], Ex. A.

[8]Def's. Mem. in Supp. of Mot. Dismiss [ECF No. 29] at 2.

of *pro se* plaintiffs are to be liberally construed. *See Johnson v. Arden,* 614 F.3d 785, 798 (8th Cir.2010). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

"As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011)(quoting *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). Defendant's statute of limitations argument is based on the allegations of fact set forth in plaintiff's complaint. Thus, it can be properly asserted in a Rule 12(b)(6) motion to dismiss.

**Discussion**

Plaintiff argues that the applicable statute of limitations for an action on a credit card account is three years. In *Born v. Hosto & Buchan, PLLC,* 372 S.W.3d 324, 336 (Ark. 2010), the Arkansas Supreme Court, citing *in re Pettingill*, 403 B.R. 624 (E.D.Ark. 2009), held that a debt arising from a credit card contract is subject to the five-year statute of limitations for written obligations. Defendant argues the complaint filed in 2002 was timely, and the 2007 amended complaint was timely as well because it was an amendment to the 2002 complaint. In response, plaintiff contends that even if the statute of limitations is five years, defendant's theory that its amended complaint filed in 2007 was timely because it relates back to the original complaint filed five years earlier is ridiculous.

3

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading . . ."[9] There is no dispute that the claim asserted in the original and amended complaint involves the same conduct. The Court finds that defendant filed its complaint within the applicable five-year statute of limitations and that the amended complaint relates back to the original complaint. Therefore, defendant's motion to dismiss pursuant to Rule 12(b)(6) should be granted because plaintiff's complaint fails to state a claim for relief under the FDCPA.

Defendant also argues that even if the debt collection action was untimely filed, plaintiff's claims are barred by the one-year statute of limitations set forth in 15 U.S.C. § 1692k of the FDCPA. Under § 1692k (d), any action asserting a FDCPA violation must be brought within one year from the date on which the violation occurred. Defendant asserts that whether the one-year statutory period began to run when the complaint was filed or when it was served,[10] plaintiff says she failed to answer service and did not appear in Court in response to the 2007 amended complaint.[11] Citing *Magnum v. Action Collection Serv.*, 575 F.3d 935 (9th Cir. 2009), plaintiff argues that she did not discover the violation until on or about January 2013, after her

---

[9] Arkansas Rule of Civil Procedure 15(c)(1) provides that an amendment of a pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

[10] Some courts have held that the filing of the complaint in state court commences the limitations period while others have held that it begins to run when the complaint is served.

[11] Am.Comp. at 16. The Court notes that the Certificate of Service of the Amended Complaint states it was mailed to James R. Morrissey and Mona J. Morrissey. Compl., Ex. E, p. 2.

attorney filed, and was granted a motion to set aside the default order in the state court case.[12] In response, defendant contends that plaintiff had notice that an action had been filed against her because she alleges that at least four writs of garnishment were issued and served on her after a default judgment was entered in 2007.[13] She also complains that, to date, she has paid approximately $4,000.00 toward the allegedly illegally obtained default judgment.[14]

Actions under the FDCPA must be brought within one year of the date on which the alleged statutory violation occurred. 15 U.S.C. § 1692k(d). The Eighth Circuit has held that the FDCPA's limitations period is jurisdictional and cannot be equitably tolled. *Mattson v. U.S. West Commc'n, Inc.*, 967 F.2d 259 (8th Cir. 1992). It is triggered when the debt collector had "its last opportunity to comply with the FDCPA." *Id*. at 261.[15] It is clear that even assuming defendant violated the FDCPA by filing a complaint in 2002 or 2007, the one-year statute of limitations has expired and plaintiff's complaint is untimely.

## Conclusion

---

[12] Pl's. Resp. to Def's. Mot. to Dismiss at 3.

[13] Am. Compl., ¶¶ 18. Plaintiff attaches as Exhibit G to her complaint copies of writs of garnishment that were filed in the Sherwood District Court in December 2007, October and December 2009, and January 2013.

[14] *Id*. at ¶ 25.

[15] There is a split in the circuits as to whether the FDCPA statute of limitations is jurisdictional. *See Mangum v. Action Collection Service, Inc.,* 575 F.3d 935, 940 n. 14 (9th Cir.2009) (saying the *Mattson* statement "was made without any real analysis" and that the word "'jurisdiction'was used in a somewhat colloquial sense"). *See also Ruth v. Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir.2010) (analyzing equitable tolling claims as if no absolute jurisdictional bar existed); *Johnson v. Riddle,* 305 F.3d 1107, 1115 (10th Cir.2002) (finding that *Mattson* court erred in finding FDCPA statute of limitations inconsistent with Federal Rule of Civil Procedure 6(a)); *Marshall–Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 327 (7th Cir.2000) (finding FDCPA statute of limitations provision not a jurisdictional restriction).

IT IS THEREFORE ORDERED that defendant's motion to dismiss [ECF. No. 9] is granted.  Plaintiff's complaint is dismissed.  A separate judgment will be entered.

IT IS SO ORDERED this 21st day of January, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE